UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BEATRICE DEROUSSELLE | CIVIL ACTION NO. 6:16-cv-01047 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| WAL-MART LOUISIANA, LLC | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the motion for summary judgment (Rec. Doc. 19), which was filed by the defendant, Wal-Mart Louisiana, LLC. The motion is opposed, and oral argument was held on January 24, 2017. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court grants the motion and dismisses the plaintiff's claims with prejudice.

## BACKGROUND

Beatrice Derousselle, the plaintiff in this lawsuit, alleged that she was injured in a slip-and-fall in the Opelousas Wal-Mart store. She alleged that she entered the store about 7:30 on the morning of Saturday, September 26, 2015 and proceeded to the cold cuts section of the store's meat department to buy some bacon. As she walked down the aisle, she allegedly fell to the ground, injuring her left hip. When the store's assistant manager Craigory Sam investigated the incident, he found a green

grape with skid marks from the plaintiff's shoe. The plaintiff alleged that her stepping on the grape caused her fall and the resulting injuries.

The plaintiff was deposed. Mr. Sam and three additional Wal-Mart employees were also deposed. None of them witnessed the incident, and none of them knows where the grape came from or how long it was on the floor before the accident.

Wal-Mart produced surveillance video that shows the aisle where the accident happened, starting at 6:30 that morning. Although several people – Wal-Mart employees and customers – used the aisle in the hour before the accident, the grape cannot be seen on the video, and no one else slipped or fell. In fact, the plaintiff walked down the aisle in a direction away from the camera, then turned around and walked back toward the camera, covering the same part of the aisle for the second time just before she fell.

The plaintiff claims that Wal-Mart is liable for her fall and the resulting injuries, while Wal-Mart argues that the plaintiff has not proven that it is liable.

## ANALYSIS

A.  **THE SUMMARY JUDGMENT STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of

its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4]  All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

When both parties have submitted evidence of contradictory facts, a court is bound to draw all reasonable inferences in favor of the nonmoving party.[8] The court cannot make credibility determinations or weigh the evidence, and the nonmovant cannot meet his burden with unsubstantiated assertions, conclusory allegations, or a scintilla of evidence.[9] "When all of the summary judgment evidence presented by both parties could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment is proper."[10]

Interpretations of statutory provisions that are dispositive and raise only questions of law, there being no contest as to the operative facts, are particularly appropriate for summary judgment.[11]

---

[6] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

[9] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d at 540.

[10] *Greene v. Syngenta Crop Protection, Inc.*, 207 F.Supp.2d 537, 542 (M.D. La. 2002), citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[11] *Dobbs v. Costle*, 559 F.2d 946, 947 (5th Cir. 1977). See, also, *Kemp v. G.D. Searle & Co.*, 103 F.3d 405, 407 (5th Cir. 1997) ("questions of statutory interpretation are questions of law.").

## B. THE APPLICABLE STATUTE

In a diversity case such as this one, we apply state substantive law, here Louisiana law.[12] Therefore, Wal-Mart's liability for the plaintiff's accident and injury is governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, which reads as follows in its entirety:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

---

[12] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

The statute requires a plaintiff to prove three things: (1) there was a condition that presented an unreasonable risk of harm, (2) the merchant either created the condition or had actual or constructive notice of the condition, and (3) the merchant failed to exercise reasonable care. If the plaintiff fails to prove any one of those three elements, the merchant is not liable. The Louisiana Supreme Court has found this statute to be clear and unambiguous.[13]

---

[13] *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 09/09/97), 699 So.2d 1081, 1084.

## C. THE PLAINTIFF FAILED TO PROVE THAT WAL-MART IS LIABLE

In this case, it is alleged that a grape, which was found after the accident and presumably caused the plaintiff's fall, was a condition that presented an unreasonable risk of harm. It is undisputed that a grape with skid marks on it was found by Wal-Mart's manager after the plaintiff's fall. Therefore, there is no dispute regarding the first of the three elements necessary for a successful merchant liability claim.

The plaintiff contends that Wal-Mart either created the unreasonably risky condition or had actual or constructive notice of the condition. In other words, it is alleged that either (1) a Wal-Mart employee caused the grape to be on the floor of the cold cuts department in the plaintiff's path, (2) a Wal-Mart employee knew that the grape was on the floor of the cold cuts department in the plaintiff's path, or (3) the grape was on the floor of the cold cuts department in the plaintiff's path for such a period of time that it would have been discovered had Wal-Mart exercised reasonable care. Wal-Mart argues, however, that the plaintiff cannot prove this second element of her cause of action, and this Court agrees.

Significantly, the plaintiff presented no evidence establishing that Wal-Mart caused the grape to be on the floor or that any Wal-Mart employee actually knew, before the accident, that the grape was on the floor. Therefore, the plaintiff can

prevail only if she proves that Wal-Mart had constructive knowledge of the grape's presence.

The Louisiana Supreme Court explained the constructive knowledge requirement as follows:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time. . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.[14]

In other words, "[t]he Louisiana Supreme Court has interpreted this statute to mean that the plaintiff has the burden of showing the dangerous condition existed for some discrete period of time; it is not enough simply to show that the condition existed before the plaintiff's injury."[15] In this case, however, the plaintiff has presented no evidence that the grape was on the floor of the cold cuts department for any period of time before the plaintiff's accident.

---

[14] *White v. Wal-Mart Stores, Inc.*, 699 So.2d at 1084-85.

[15] *Adams v. Dolgencorp, L.L.C.*, 559 Fed. App'x 383, 385 (5th Cir. 2014).

The plaintiff testified at her deposition that she did not know where the grape came from or how it got on the floor in the cold cuts section of the meat department of the Wal-Mart store.[16] She testified that she does not know how long the grape was on the floor before she stepped on it.[17] She did not see the grape before the accident, and she did not know that she had slipped on a grape until after the accident when people around her told her she had slipped on a grape.[18] She said: "All I know is I went sliding."[19] Similarly, each of the four Wal-Mart employees who were deposed – manager Craigory Sam, meat department employees Fannie Stelly and Ella Guilbeaux, and candy department employee Theresa McNeil – testified that they did not know how the grape got on the floor or how long it was there before the plaintiff's accident. Accordingly, the plaintiff failed to prove that Wal-Mart created the condition that caused the plaintiff's accident and resulting injury.

Ella Guilbeaux was employed by Wal-Mart as a sales clerk at the time of the accident, and she was stocking the candy aisle when the accident occurred.[20] At the time, Guilbeaux did not know what caused the plaintiff to fall, but she learned

---

[16] Rec. Doc. 19-4 at 26.

[17] Rec. Doc. 19-4 at 26, 28.

[18] Rec. Doc. 19-4 at 23-24.

[19] Rec. Doc. 19-4 at 26.

[20] Rec. Doc. 19-15 at 7-9, 11.

afterwards that the plaintiff had slipped on a grape.[21] Guilbeaux testified that she did not know where the grape came from or how long it was on the floor before the accident.[22] She also testified that if she had seen something on the floor, she would have picked it up.[23]

At the time of the plaintiff's accident, Theresa McNeil was employed by Wal-Mart in the cold cuts department.[24] On the morning of the plaintiff's accident, McNeil was stocking the cold cuts area.[25] She did not witness the plaintiff's fall but observed her on the floor soon after the fall.[26] She testified that she did not see a grape on the floor in the area where the plaintiff fell but she also testified that if she had seen a grape or any other trash or spill on the floor while she was stocking the cold cuts department she would have picked it up.[27]

---

[21] Rec. Doc. 19-15 at 15.

[22] Rec. Doc. 19-15 at 15.

[23] Rec. Doc. 19-15 at 17.

[24] Rec. Doc. 19-12 at 3.

[25] Rec. Doc. 19-12 at 3.

[26] Rec. Doc. 19-12 at 3.

[27] Rec. Doc. 19-12 at 5.

Fannie Stelly was working in the meat department at Wal-Mart when the accident occurred.[28] She testified that her job duties include cleaning the floor when there are spills and walking her area to make sure there is nothing on the floor that might cause a fall.[29] Stelly was in the back room when the plaintiff fell.[30] After the accident occurred, Stelly heard that the plaintiff had fallen on a grape, but she had no idea where the grape came from or how long it was on the floor before the accident.[31]

Craigory Sam was employed by Wal-Mart as a manager at the time of the plaintiff's accident.[32] He went to the scene of the accident after an employee used the intercom to alert management that a customer had had an accident.[33] He observed a grape on the floor, and he determined that the grape had caused the plaintiff's fall.[34] However, he did not know how the grape came to be at the location where the fall occurred or how long the grape had been there before the plaintiff fell.[35]

---

[28] Rec. Doc. 19-14 at 6, 9.

[29] Rec. Doc. 19-14 at 9-10.

[30] Rec. Doc. 19-14 at 10.

[31] Rec. Doc. 19-14 at 21-22.

[32] Rec. Doc. 19-13 at 9.

[33] Rec. Doc. 19-13 at 10-12.

[34] Rec. Doc. 19-13 at 17.

[35] Rec. Doc. 19-13 at 18.

This Court has carefully reviewed the videotape placed into evidence.[36] The videotape does not show a grape on the floor at the site of the accident at any time. Therefore, the videotape does not depict how long the grape was on the floor before the plaintiff's accident.

In summary, the plaintiff has presented no evidence showing how the grape came to be at the location of the accident. Therefore, this Court finds that the plaintiff has not proven that Wal-Mart created the condition that led to the accident or that Wal-Mart had any actual notice of the existence of the condition. Similarly, because the plaintiff has not proven that the grape was on the floor of the Wal-Mart store for a period of time before the accident, the plaintiff has failed to prove that Wal-Mart had constructive notice of the condition. Because the plaintiff cannot prove the second element of the three-part test for merchant liability, it is not necessary for this Court to address the third element, i.e., whether Wal-Mart exercised reasonable care. Furthermore, the plaintiff's inability to prove the second element mandates summary judgment in Wal-Mart's favor.

---

[36] Rec. Doc. 19-5.

### D. THE JURISPRUDENCE SUPPORTS SUMMARY JUDGMENT IN WAL-MART'S FAVOR

The factual scenario presented in this case is similar to that of other cases where summary judgment has been rendered in favor of a merchant. The seminal case on constructive notice in merchant liability situations is *White v. Wal-Mart Stores, Inc.*[37] There, a female customer in a Wal-Mart store slipped and fell in a liquid substance on the floor of the snacks aisle. The trial court found for the plaintiff and awarded damages, the appellate court affirmed, but the Louisiana Supreme Court reversed the lower courts, finding that the applicable statute had not been properly applied. While the claimant had proven that a liquid substance was on the floor at the time of her fall, she had not proven that it had been there for some period of time. Therefore, she had not proven that the merchant defendant had constructive notice of the condition that allegedly caused her fall. The court said: "Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence."[38]

---

[37] *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997).

[38] *White v. Wal-Mart Stores, Inc.*, 699 So.2d at 1086.

In *Taylor v. Wal-Mart Stores, Inc.*,[39] the same result was reached. There, a lady slipped and fell on water in a check-out lane at a New Orleans Wal-Mart. The plaintiff relied on video surveillance showing a steady stream of customers flowing through the check-out lane for an hour before the accident. It does not appear that anyone looked at the floor of the area during that time, and nobody else slipped or fell. The plaintiff argued that no Wal-Mart employee inspected the area for water during that time period, suggesting that Wal-Mart failed to exercise reasonable care. But the district court found, and the Fifth Circuit agreed, that the plaintiff was required to make a positive showing of the existence of the condition for some time period prior to the fall. Because the video did not show the water on the floor, no such showing was made. The courts found that it was not enough to speculate that the water must have been there for over an hour because the video failed to show the water being spilled on the floor during the hour preceding the fall. The courts agreed that the plaintiff failed to establish the notice element of her claim. The district court granted summary judgment in Wal-Mart's favor, and the Fifth Circuit affirmed.

The Fifth Circuit followed *Taylor* in ruling on *Adams v. Dolgencorp, L.L.C.*[40] There, a female customer fell in a Dollar General store. After the accident, it was

---

[39] *Taylor v. Wal-Mart Stores, Inc.*, No. 10-1503, 2011 WL 3439928 (E.D. La. Aug. 8, 2011), aff'd 464 Fed. App'x 337 (5th Cir. 2012).

[40] *Adams v. Dolgencorp, L.L.C.*, 559 Fed. App'x 383 (5th Cir. 2014).

discovered that she had slipped in lotion that had been spilled on the floor. Video surveillance did not show the lotion on the floor or an event resulting in the lotion being spilled. Two employees were working nearby, but they did not see the lotion on the floor before the accident occurred. The court found that the plaintiff failed to produce evidence showing that Dollar General had actual or constructive knowledge of the spilled lotion or any evidence showing when or how the lotion was spilled. The appellate court affirmed the district court's granting of summary judgment in Dollar General's favor.

The same result was also reached in *Mohammed v. P.F. Chang's China Bistro*.[41] There, a customer at a P.F. Chang's restaurant slipped and fell while walking to the restroom. When she got up, she found that her pants were wet and concluded that she had slipped in a liquid substance on the floor. The plaintiff argued that a spill in the kitchen had been tracked on an employee's shoes to the area near the kitchen and restroom doors. Citing *White* and *Taylor*, the court found that the plaintiff failed to meet her burden of proving that the liquid was on the floor for any length of time. The appellate court affirmed the district court's granting of summary judgment in the restaurant's favor.

---

[41] *Mohammed v. P.F. Chang's China Bistro*, 548 Fed. App'x 236 (5th Cir. 2013).

The result reached in *Bearb v. Wal-Mart Louisiana, Ltd.*,[42] was consistent. There, the plaintiff slipped on a liquid in the Marksville Wal-Mart. But she offered only speculation as to how the liquid might have gotten on the floor, suggesting that it might have leaked from a skylight or off of wet shopping carts, and no evidence was presented establishing how long the water was on the floor before her accident. The appellate court affirmed the district court's granting of summary judgment in Wal-Mart's favor.

The facts presented in the instant case are virtually identical to those of the cases cited above. The plaintiff can establish a condition – the green grape – but she cannot establish actual or constructive notice. Therefore, Wal-Mart is entitled to summary judgment in its favor.

## CONCLUSION

Because the plaintiff has not proven the notice element of her claim for merchant liability, Wal-Mart's motion for summary judgment (Rec. Doc. 19) is GRANTED, and the plaintiff's claims are dismissed with prejudice.

Signed at Lafayette, Louisiana on this 6th day of February 2017.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[42] *Bearb v. Wal-Mart Louisiana, Ltd.*, 534 Fed. App'x 264 (5th Cir. 2013)